Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| REFRICENTRO, INC., PEDRO ARVESU LÓPEZ, CIRILO HERNÁNDEZ HERNÁNDEZ, LLC, REPRESENTADA POR SU SOCIA ADMINISTRADORA, MARTHA M. PADRÓN HERNÁNDEZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>JOSÉ C. HERNÁNDEZ GARCÍA, FRANK PALACIO RODRÍGUEZ, CARLOS M. VENTO TORRES Y OTROS<br><br>Peticionarios | TA2025CE00799 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2022CV02075<br><br>Sobre:<br>Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de diciembre de 2025.

El 21 de noviembre de 2025, José C. Hernández García, Frank Palacio Rodríguez, Carlos Vento Torres, Luis E. Lago Marrero y Refricentro, Inc., (en adelante los peticionarios) sometieron ante nos un *Certiorari.* En este, nos solicitan la revocación de la *Orden 7.01(d) [526, 527, 542, 547]*, dictada en el caso de epígrafe con fecha del 1 de octubre de 2025 y notificada el día 2.[1] Allí, el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario) declaró Con Lugar la *Moción Solicitando Orden de Traspaso de Acciones en Cumplimiento con Sentencia Final y Firme [Entrada 527].* En consecuencia, ordenó que Refricentro, Inc. emitiera certificados de acciones a nombre de Irma Arvesú López y Pedro Arvesú López

---

[1] SUMAC-TPI, Entrada Núm. 561.

representando 215,550 acciones cada uno, en sustitución del Certificado #79 que constaba a nombre del fenecido Pedro Arvesú Gasset por 431,550 acciones. También estableció que estos certificados debían ser registrados en los libros de la corporación y el registro de accionistas.

Estudiado el legajo apelativo, así como el expediente judicial, según surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC), resolvemos denegar expedir el auto solicitado.

-I-

A continuación, exponemos los hechos más relevantes a la controversia que hoy los peticionarios nos invitan a atender.

Según surge del expediente judicial, el 9 de abril del año en curso, la Sucesión de Don Pedro Arvesú Gasset (Don Arvesú), configurada por su viuda Teresa Irma López Arias y sus hijos Pedro e Irma Arvesú López, presentaron una *Moción Solicitando Orden de Traspaso de Acciones en Cumplimiento con Sentencia Final y Firme.*[2] En esta, indicaron que el Don Arvesú adquirió y poseyó durante su vida 431,100 acciones de Refricentro, Inc., que representan un 43.100% de las acciones autorizadas de la corporación. Asimismo, establecieron que conforme a la *Sentencia Parcial* dictada el 18 de septiembre de 2023, en el caso, ocupan la misma posición jurídica que en vida ocupaba Don Arversú, por lo que estaban en la misma condición que él como accionistas de la entidad corporativa.[3] Por su parte, informaron al foro primario que el 12 de diciembre de 2024, suscribieron un *Acuerdo de Participación y Adjudicación Parcial de Herencia,* mediante el cual pactaron que la totalidad de las acciones corporativas que en vida tuvo Don Arvesú serían cedidas y divididas en partes iguales entre Pedro A. Arvesú

---

[2] *Id.*, Entrada Núm. 527.

[3] *Id.* Entrada Núm. 388. En esta, y en cuanto al asunto de las acciones, el TPI resolvió lo siguiente: "Por todo lo cual, dado que los componentes de la Sucesión Arvesú Gasset adquirieron como consecuencia de la muerte de Pedro Arvesú Gasset las acciones de éste, son ahora ellos accionistas de Refricentro, al haber ocurrido una transferencia involuntaria de sus acciones. No aplica el Artículo III (e) del Reglamento de Refricentro y no se activó, por tanto, un derecho de adquisición preferente de parte de los demás accionistas o Refricentro."

López e Irma A. Arvesú López. Habida cuenta de los pactos alcanzados, solicitaron al TPI que tomara conocimiento de ello y ordenara a la corporación a emitir los certificados de acciones e inscribir a Irma Arvesú López y Pedro Arvesú López como accionistas en el Registro de la Corporación, correspondiendo a 215,550 acciones a nombre de cada uno de ellos.

El 14 de mayo de 2025, José Cirilo Hernández García, Francisco Palacio Padilla, Carlos Vento Torres y Luis E. Lago Marrero (individuos peticionarios) presentaron escrito titulado *Moción en Oposición a Entradas SUMAC 526, 527 y 529.* En cuanto al asunto en controversia, expresaron que dicha petición era improcedente en derecho y que los remedios solicitados requerían resolver primero las controversias pendientes aun de dilucidarse.[4]

Habiéndose replicado dicho escrito el 3 de junio de este año, además de una audiencia evidenciaria,[5] el foro primario dictó la orden recurrida. Frente a esta, los individuos peticionarios presentaron una *Moción Urgente en Solicitud de Aclaración de Orden a la Entrada SUMAC #561.* El 15 de octubre de 2025, el TPI emitió y notificó *Orden* mediante la cual enunció como a continuación transcribimos: "Aclaramos nuestra Orden a la Entrada 561 indicando lo que debió ser obvio: que el Registro de Accionistas debe conformarse para cumplir con todas las Sentencias Parciales dadas en este caso hasta la fecha, según enmendadas."[6] El 17 de octubre del año en curso, los individuos peticionarios solicitaron reconsideración. Allí señalan que debido a que las acciones siempre estuvieron inscritas a nombre de Don

---

[4] *Id.*, Entrada Núm. 542.

[5] La Minuta de la audiencia surge que se admitió por las partes que no se ha celebrado una reunión de accionistas por más de cuatro años. A su vez, allí se recoge que la postura de Refricentro, Inc. e individuos peticionarios es que la reunión no se ha hecho pues existe una controversia sobre quiénes son los accionistas y el porciento de participación en las acciones. Según allí se manifiesta, la certificación oficial de Refricentro, Inc., sometida como anejo 1 de la Entrada Núm. 529 (*Moción Solicitando Que se Tome Conocimiento Judicial*) autentica quiénes son los accionistas al 20 de octubre de 2022, y que allí surge que Don Arvesú tiene 431,100 acciones. Véase, SUMAC-TPI, Entrada Núm. 557.

[6] *Id.*, Entrada Núm. 563.

Arvesú, y en su testamento se reconoce su naturaleza ganancial, era ineludible que: (i) la mitad ganancial de Teresa Irma no ingresó al caudal hereditario, incluyendo las acciones de Refricentro, Inc.; (ii) sólo la mitad del caudal del causante forma parte del caudal relicto; y (iii) la adjudicación de esa mitad hereditaria se sujeta a la disposición testamentaria citada y la ley aplicable. Así pues, reclaman que la cesión que surge de la escritura particional demuestra no es *mortis causa*, sino inter vivos por lo que se activa la obligación de ofrecerlas a los restantes accionistas, quienes tendrán la opción de comprarlas por valor en los libros según dispuesto en el Artículo III(e) del Reglamento de Refricentro, Inc.[7] Mediante *Orden* del 21 de octubre de 2025, notificada el 22, el foro primario declaró No Ha Lugar dicha reconsideración.

En desacuerdo aun, los peticionarios acuden ante nos mediante el recurso de autos y señalan la comisión del siguiente error:

> ERRÓ EL TPI AL CONCLUIR QUE LA TOTALIDAD DE LAS 431,100 ACCIONES DE REFRICENTRO, INC. PROPIEDAD DE DON PEDRO ARVESÚ GASSET INGRESARON AL CAUDAL RELICTO Y QUE SU ADJUDICACIÓN A LOS HIJOS MEDIANTE EL ACUERDO DE PARTICIÓN ES MERA "CULMINACIÓN DE LA TRANSMISIÓN MORTIS CAUSA", IGNORANDO LA NATURALEZA GANANCIAL DE DICHAS ACCIONES, LA COMUNIDAD POSTGANANCIAL Y LAS DISPOSICIONES TESTAMENTARIAS A FAVOR DE LA VIUDA.

El 1ero de diciembre de 2025, los recurridos sometieron *Oposición a Solicitud de Expedición de Auto*. En dicha comparecencia, expresan que el dictamen recurrido se emitió con el propósito de obligar al cumplimiento de una *Sentencia Parcial* dictada ya en el pleito que hoy en día es una final y firme. Debido a que contamos con el beneficio de su postura, damos por sometido el asunto y procedemos a resolver.

---

[7] *Id.*, Entrada Núm. 565.

**-II-**

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al.*, *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd*.

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[8]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

-III-

Según discuten los peticionarios, la jurisprudencia puntualiza que, tras el fallecimiento de un cónyuge bajo régimen de gananciales, los bienes que fueron gananciales no pasan íntegramente al caudal hereditario, sino que se conforma una comunidad postganancial entre el cónyuge supérstite y los herederos, y solo la participación del causante en esa comunidad entra al caudal relicto una vez se liquide la primera. Por esta razón, arguyen que, al obviar la fase de liquidación de la comunidad ganancial, "el TPI confundió la pertenencia de las acciones a la masa ganancial con la existencia de un caudal hereditario constituido por la totalidad del bloque accionario, alterando así el objeto mismo de la transmisión hereditaria y las consecuencias jurídicas sobre la mitad perteneciente a la cónyuge supérstite."

Por su parte, y como ya mencionamos, los recurridos sostienen que los peticionarios pretenden revivir una cuestión que ya fue resuelta

---

[8] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

mediante *Sentencia Parcial* final y firme. Así, exponen que no hay presente ninguno de los elementos dispuestos en nuestro Reglamento para expedir el auto de *certiorari* solicitado, por lo que debe denegarse.

Hemos estudiado el legajo apelativo. Particularmente, las controversias específicamente atendidas mediante la *Sentencia Parcial* que el TPI notificó en el caso el 18 de septiembre de 2023, hoy final y firme, así como las determinaciones judiciales allí emitidas.[9] Nuestra evaluación nos lleva a denegar la expedición del auto de *certiorari* solicitado.

Los argumentos de los peticionarios no nos persuaden a ejercer nuestra función revisora discrecional e intervenir con el dictamen recurrido. A nuestro juicio, no se satisfacen los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*. Contrario a lo que exponen, la decisión recurrida no es contraria a derecho. Por lo tanto, no intervendremos.

**-IV-**

Por todo lo antes consignado, **denegamos** expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Véase también, *Id.*, Entrada Núm. 418 (KLAN202301058).